UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAYTON PUBLIC SCHOOLS,

    Plaintiff,

vs.

LISA CUMMINGS-ELMORE, *et al.*,

    Defendants.

Case No. 3:17-cv-338

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR REMAND (DOC. 9) BE GRANTED; (2) THIS CASE BE REMANDED TO THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO; AND (3) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This civil case is before the Court on Defendant Lisa Cummings-Elmore's ("Cummings-Elmore") notice of removal (doc. 6) and the motion to remand filed by Plaintiff Dayton Public Schools ("DPS"). Doc. 9. Cummings-Elmore filed an opposition to DPS's motion to remand (doc. 10) and, thereafter, DPS filed a reply memorandum (doc. 12). The Court has carefully reviewed all of the foregoing and DPS's motion to remand is now ripe for decision.

**I.**

This civil case arises out of an employment relationship between DPS and Cummings-Elmore. *See generally* docs. 1-2. Cummings-Elmore began employment with DPS as a social studies teacher in August 2013. Doc. 1-2 at PageID 42. In that capacity, Cummings-Elmore was a member of the Dayton Education Association ("DEA"), a collective bargaining unit representing DPS teachers. Doc. 1-2 at PageID 43.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

In March 2016, Cummings-Elmore contacted the Dayton Police Department making claims and allegations against her immediate supervisor. *Id*. Immediately thereafter, DPS placed Cummings-Elmore on paid administrative leave pending the completion of an investigation into her allegations. *Id*. While on paid administrative leave, Cummings-Elmore allegedly accepted another teaching position with a different school district and began teaching in that school district in April 2016. *Id*. at PageID 44-45. Upon learning that Cummings-Elmore was teaching in another school district, DPS considered Cummings-Elmore to have constructively resigned her position with DPS, and the DPS school board approved her constructive resignation in June 2016. *Id*.

Soon after the school board accepted Cummings-Elmore's constructive resignation, DEA filed grievances on behalf of Cummings-Elmore, which were originally denied. *Id*. at PageID 46. DEA then requested that such grievances be arbitrated pursuant to the terms of the parties' collective bargaining agreement ("CBA"). *Id*. Following arbitration hearings in April and May 2017, the arbitrator issued an opinion and award in favor of DEA and Cummings-Elmore. *Id*.

On August 27, 2017, DPS filed this action in the Court of Common Pleas of Montgomery County, Ohio ("the Common Pleas Court") seeking, pursuant to Ohio Rev. Code §§ 2711.10 and 2711.13, to vacate the arbitration award. *Id*. at PageID 41-61. DPS argues that the arbitrator's award should be vacated because: (1) the award violates Ohio public policy; and (2) the arbitrator exceeded his authority given to him under the terms of the CBA between the parties. Doc. 1-2 at PageID 46-61.

On September 28, 2017, Cummings-Elmore removed the case to this Court. Doc. 1. Cummings-Elmore argues that removal is proper because the basis of her claims against DPS present a federal question, *i.e.*, whether the termination of her employment violated due process

and amounted to retaliation for exercising her rights under the First Amendment. Doc. 1-1 at PageID 6-7. DPS now seeks to remand the case to the Common Pleas Court. Doc. 9.

## II.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Where, as here, the removing defendant alleges that the Court possesses original jurisdiction under 28 U.S.C. § 1331, the existence of a federal question "must be determined from what necessarily appears in the plaintiff's statement of his or [her] own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

Removal may be achieved by filing a notice of removal in the appropriate district court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(a) and (B). Where, as here, a defendant seeks removal pursuant to 28 U.S.C. § 1441(a), the notice of removal must be joined by or consented to by "all defendants who have been properly joined and served" in the state court action. 28 U.S.C. § 1446(b)(2).

Here, DPS argues that remand to the Common Pleas Court is required because: (1) there is no federal question at issue in its pleading originally filed in the Common Pleas Court; (2) the notice of removal was not timely filed; and (3) all Defendants did not join in or consent to removal. Doc. 9. The undersigned need not address the timeliness of Cummings-Elmore's

removal to this Court because remand to state court is required based upon the other arguments advanced by DPS in its motion.

Cummings-Elmore contends that removal is appropriate on the basis that she asserts counterclaims under 42 U.S.C. §§ 1983, 1985 and 1986, federal statutes. *See* docs. 1-1, 10. However, contrary to Cummings-Elmore's assertion of federal question jurisdiction based solely upon her counterclaims, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax*, 463 U.S. at 10. DPS's action -- seeking to vacate an arbitration award pursuant to Ohio Rev. Code §§ 2711.10 and 2711.13 -- does not raise a federal question and, therefore, the Court lacks subject matter jurisdiction requiring remand to the Common Pleas Court. *See SoBran, Inc. v. Garg*, No. 3:06CV164, 2006 WL 2382499, at *1 (S.D. Ohio Aug. 14, 2006).

In addition to the foregoing, the undersigned notes that Cummings-Elmore's notice of removal is defective because it is neither joined in by co-defendant DEA nor has Cummings-Elmore represented that DEA consents to removal as required by 28 U.S.C. § 1446. "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). Thus, Cummings-Elmore's removal is defective and requires remand.

**III.**

Based upon all of the foregoing, the undersigned **RECOMMENDS** that: (1) DPS's motion to remand (doc. 9) be **GRANTED**; (2) this case be **REMANDED** to the Common Pleas Court of Montgomery County, Ohio; and (3) this case be **TERMINATED** on the Court's docket.

Date:   December 19, 2017                    s/ Michael J. Newman
                                             Michael J. Newman
                                             United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).